**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SONYA A. HOFFMAN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 08-1654** |
| | : | |
| **LOWE'S COMPANIES, INC.** | : | |

**MEMORANDUM AND ORDER**

Kauffman, J.                                                     **August 20**        , 2008

　　　In January 2008, Plaintiff Sonya A. Hoffman ("Plaintiff") commenced this action in the

Philadelphia Court of Common Pleas.  Defendant Lowe's Companies, Inc. ("Defendant")

subsequently removed the action.  Now before the Court is Plaintiff's Motion to Remand.  For

the reasons that follow, the Motion will be denied.

**I.      Background**

　　　This action arises from an alleged injury sustained by Plaintiff while she was working as

a contractor at one of Defendant's stores.[1]   On January 14, 2008, she filed a complaint against

Defendant in the Court of Common Pleas of Philadelphia County alleging negligence.  On April

3, 2008, Plaintiff moved to amend her complaint to add another defendant, Marty Anstett, who

was manager of the Lowe's store where Plaintiff was injured.  On April 7, 2008, while the

motion to amend was pending, Defendant removed the action on the basis of diversity

jurisdiction.  On April 21, 2008, Plaintiff moved to remand to state court.

---

　　　[1]      Plaintiff alleges that she was provided with a defective ladder which caused her to
injure her foot and ankle.

II.     **Legal Standard**

28 U.S.C. § 1447(e) provides that if, after a matter is removed to federal court on the basis of diversity jurisdiction "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e); see also Estate of Horvath v. Ciocca, 2008 WL 938927, at *2 (E.D. Pa. Apr. 4, 2008).

III.    **Discussion**

Plaintiff argues that removal was defective because it was initiated after she had filed a motion in state court to add a non-diverse defendant.  Defendant argues that Plaintiff sought to add Anstett for the sole purpose of defeating federal jurisdiction after learning that Defendant intended to remove the action to federal court.  It is undisputed that at the time Defendant filed its notice of removal, Anstett was not a party to the action.  Accordingly, Defendant properly removed the action on the basis of diversity jurisdiction.  See 28 U.S.C. § 1441; 28 U.S.C. § 1332.  Because Plaintiff has moved to join Anstett as a defendant, the Court must determine whether joinder would be proper under 28 U.S.C. § 1447(e).

Although the Third Circuit has not yet addressed the issue, numerous courts in this district have adopted the reasoning of the Fifth Circuit in Hensgens v. Deere, Co., 833 F.2d 1179, 1182 (5th Cir. 1987).  See Massaro v. Bard Access Sys. Inc., 209 F.R.D. 363, 367 (E.D. Pa. 2002) ("[A] review of the legislative history of § 1447(e) suggests that its enactment was intended to codify the flexible approach toward joinder of non-diverse parties adopted in Hensgens."); Doe No. 4 v. Soc'y for Creative Anachronism, Inc., 2007 WL 2155553, at *3 (E.D. Pa. July 25, 2007); Guldner v. Brush Wellman, Inc., 2001 WL 856699, at *2 (E.D. Pa. Jul. 25,

2001) (noting that the district court has "broad discretion in deciding whether to join non-diverse defendants after removal").

In evaluating the propriety of permitting joinder pursuant to Section 1447(e), the Hensgens Court considered: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities.  Ciocca, 2008 WL 938927, at *3 (citing Kahhan v. Mass. Cas. Ins. Co., 2001 WL 1454063, at *2 (E.D. Pa. Nov. 14, 2001)); see also City of Perth Amboy v. Safeco Ins. Co. of Am., 2008 WL 640532, at *2 (D.N.J. Mar. 10, 2008).  If a court permits joinder of the non-diverse defendant, it must remand to state court.  See 28 U.S.C. § 1447(e).

Defendant opposes remand on the ground that Plaintiff seeks joinder for the sole purpose of defeating diversity jurisdiction.  See Memorandum in Opposition to Motion to Remand, at 3-4.  In support of the argument, Defendant notes that Plaintiff chose not to join Anstett in her original complaint, and decided to seek his joinder only after Defendant expressed its intent to remove the action to federal court.  On March 26, 2008, Defendant sent Plaintiff's counsel a letter attaching a proposed stipulation capping damages at $75,000 and stating that if the stipulation is not approved by Plaintiff, the matter would be removed to federal court.  See Ex. B to Defendant's Memorandum in Opposition to Remand.  Defendant alleges that Plaintiff rejected the stipulation and filed its motion to amend days later.  Though not dispositive, the timing of Plaintiff's motion to amend, shortly after Defendant expressed intent to remove, weighs in favor of denial of joinder.  See Fasanya v. Allstate Indem. Co., 2001 WL 4995, at *1 (E.D. Pa. Dec. 28, 2000) ("A trial court should look with particular care at a plaintiff's motive in joining a defendant

3

in removal cases when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." (citations omitted)); <u>Doe No. 4</u>, 2007 WL 2155553, at *4.

Defendant further argues that Plaintiff would not be prejudiced by a denial of joinder because any negligence on the part of Anstett would be imputed to Defendant, thus affording Plaintiff the complete relief she seeks.  <u>See</u> Memorandum in Opposition to Remand, at 5 ("[A]ny negligence alleged against Mr. Anstett as a manager of the store will ultimately be the responsibility of his employer, Lowe's.").  It is well-established that under the doctrine of <em>respondeat superior</em>, "an employer is vicariously liable for the wrongful acts of an employee if that act was committed during the course of and within the scope of employment." <u>Brezenski v. World Truck Transfer, Inc.</u>, 755 A.2d 36, 39 (Pa. Super. Ct. 2000).  The Complaint makes clear that Anstett is being sued in his capacity as manager of the Lowe's store for allegedly negligent acts committed in the scope of his employment.  <u>See</u> Compl. ¶ 13 ("Defendant Anstett had a duty, as the manager of the Lowe's store where the injury occurred, to act reasonably to provide a safe ladder for [Plaintiff's] use."); <u>see also</u> Compl. ¶ 15 ("Defendant Lowe's is vicariously liable for the negligence of Defendant Anstett as all Defendant Anstett's negligent acts or omissions alleged herein were done within the scope of his employment with Defendant Lowe's").

Plaintiff argues that including Anstett would enable her to "better particularize her allegations against the existing defendant."  <u>See</u> Memorandum in Support of Motion for Remand, at 1.  There is no reasonable basis, however, for Plaintiff's suggestion that in absence of joinder, she would be prevented from fully developing her allegations against Defendant.  Having reviewed the relevant <u>Hensgens</u> factors, the Court concludes that joinder would be inappropriate

4

and, therefore, will retain jurisdiction over this matter.

**IV.    Conclusion**

      For the foregoing reasons, Plaintiff's Motion to Remand to state court will be denied.  An appropriate Order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SONYA A. HOFFMAN | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-1654 |
| | : | |
| LOWE'S COMPANIES, INC. | : | |

### <u>ORDER</u>

**AND NOW,** this    20TH        day of August, 2008, upon consideration of Plaintiff's

Motion for Remand (docket no. 7), and Defendant's Opposition thereto (docket no. 9), and for

the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is

**DENIED.**

                                                    **BY THE COURT:**


                                        ___S/ BRUCE W. KAUFFMAN___
                                        **BRUCE W. KAUFFMAN,  J.**

6